# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9923 | **DATE** | 7/18/02 |
| **CASE TITLE** | V&S Vin & Sprit Aktiebolag vs. Cracovia Brands, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, PPB's motion to quash service (19-1) is denied. PPB is directed to answer the complaint on or before 8/2/02.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| ✓ | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 12 2003 date docketed | |
| | Docketing to mail notices. | | | 37 |
| | Mail AO 450 form. | | docket deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| OR | courtroom deputy's initials | 03 FEB 11 PM 7:02 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| V&S VIN & SPRIT AKTIEBOLAG,<br>d/b/a THE ABSOLUT COMPANY,<br>Formansvagen 19, SE-117 97<br>Stockholm, Sweden,<br><br>Plaintiff,<br><br>vs.<br><br>CRACOVIA BRANDS, INC. and<br>PRZEDSIEBIORSTWO POLMOS<br>BIALYSTOK, S.A.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **DOCKETED**<br><br>FEB 1 2 2003<br><br><br>Case No. 01 C 9923 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff V&S Vin & Sprit Aktiebolag, d/b/a The Absolut Company ("V&S"), filed a complaint against defendants Cracovia Brands, Inc. ("Cracovia") and Przedsiebiorstwo Polmos Bialystok, S.A. ("PPB") alleging, among other things, trademark infringement based on PPB's application for federal registration of its ABSOLWENT trademark. V&S served its complaint and summons on Cracovia in December 2001 but did not serve PPB, which is a Polish corporation. In the following months, V&S engaged in settlement negotiations with both defendants through Cracovia's counsel, and it ultimately reached a settlement agreement with Cracovia on April 25, 2002. That same day, having failed to reach an agreement with PPB, V&S timely served its complaint and summons on the law firm of Abelman, Frayne and Schwab, which is PPB's appointed agent for service of process in connection with PPB's trademark application before the United States Patent and Trademark Office ("PTO"). 15 U.S.C. §1051(e).

37

PPB now moves to quash service for V&S's failure to comply with the procedures for serving a foreign corporation established by the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("the Hague Convention"). V&S concedes that it did not serve PPB in accordance with the Hague Convention but argues that foreign service was not required because PPB has a registered agent to accept service of process in the United States; i.e., the Abelman law firm designated pursuant to 15 U.S.C. §1051(e).

### A. Service Pursuant to the Hague Convention

Contrary to PPB's assertion, the Hague Convention does not constitute the exclusive means for effecting service on a foreign national where internal law provides for an alternative mode of service. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988). In *Volkswagenwerk*, the plaintiff served a complaint on a German corporation through its wholly-owned U.S. subsidiary. The German company moved to quash service, arguing that service of a foreign national can be accomplished only through the Hague Convention. The Supreme Court found that because the Illinois long-arm statute would recognize service on a foreign company's wholly-owned U.S. subsidiary, service pursuant to the Hague Convention was not required. *Id.* at 706-07. "Where service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the Convention has no further implications." *Id.* at 707. Thus, V&S was not required to serve PPB in accordance with the Hague Convention as long as it properly served PPB's domestic agent.

### B. Service Upon a §1051(e) Agent

PPB argues that it does not have a domestic agent qualified to receive service of process for the instant lawsuit notwithstanding its appointment of an agent pursuant to 15 U.S.C.

2

§1051(e). Section 1051(e) requires a foreign corporation applying for a U.S. trademark to name "some person resident in the United States on whom may be served notices or process in proceedings affecting the mark." PPB argues that "proceedings affecting the mark" include only those proceedings before the PTO and not the instant lawsuit pending before this Court.

In interpreting the meaning of the statute, we begin with the language of the text itself, which is the most reliable indicator of congressional intent. *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324-25 (7th Cir. 1997). The statute does not define the term "proceeding," but that term is commonly understood to include lawsuits. And there can be no question that this case is a proceeding "affecting the mark" because it concerns whether PPB's mark infringes V&S's mark. However, the fact that the provision for designating a resident for service of process appears in the section of the trademark law regarding registrations suggests that Congress may have intended the appointment to cover only those proceedings concerning the registration of the mark. This, in turn, gives rise to an ambiguity in the meaning of the statute, so we look to the legislative history for guidance. *Newsom v. Friedman*, 76 F.3d 813, 816 (7th Cir. 1996) ("[a] court may examine legislative history when it encounters language in a statute that is undeniably ambiguous, but it should be the final option").

"Legislative history is problematic under the best circumstances," *Board of Trade of the City of Chicago v. Securities and Exchange Commission*, 187 F.3d 713, 720 (7th Cir. 1999), and here the legislative history regarding the phrase "proceedings affecting the mark" is equivocal. In *Outboard Marine Corp. v. Chantiers Beneteau*, 687 F. Supp. 366 (N.D. Ill. 1988), the court relied upon testimony given by a U.S. Trademark Association official, Arthur W. Barber, in hearings held in 1925 before the Congressional Joint Committees on Patents to determine the

scope of the term "proceeding." The plaintiff in *Outboard Marine* filed suit alleging, among other things, trademark infringement and unfair competition. Foreign defendant Beneteau S.A. had designated an agent to receive service of process pursuant to §1051(e), and the plaintiff served that agent with the lawsuit. Beneteau sought to quash service of process on the grounds that the federal lawsuit was not a proceeding affecting the mark as contemplated by §1051(e); that is, it was not pending before the PTO. 687 F. Supp. at 368.

In his testimony before the Congressional Joint Committees, Mr. Barber stated that the then-pending version of the bill that ultimately became §1051(e) provided for service of process "in any action or proceeding affecting his trademark brought under the provisions of this act, or under the provisions of any other laws of the United States." *Id.*; Hearings on S. 2679 Before the Joint Committees on Patents ("Hearings on S. 2679"), 68th Cong., 2d Sess. 133 (1925). Mr. Barber suggested that the service of process provision "should be limited to the process in a proceeding affecting the registration; it should not be extended so as to enable a party to get jurisdiction of a foreign registrant in an action not confined – or a proceeding not confined to his registration." *Id.* The court noted that §1051(e), as ultimately enacted, did not mention the term "action," and he concluded that "[i]t is therefore reasonable to infer that this term was elided from the section in order to limit the service provision to proceedings in the PTO." *Id.*

This Court does not find the decision in *Outboard Marine* particularly persuasive, for several reasons. First, this Court does not agree that the term "proceeding," standing alone, is sufficiently ambiguous to require an analysis of its legislative history. In addition, the court's construction of the term "proceedings" is not supported by any direct evidence from the 1925 Congressional hearings but, rather, is based on a series of inferences regarding what Congress

4

ultimately intended. These inferences are drawn from the testimony of a witness before a committee, which is not a particularly meaningful aspect of legislative history. *See Kelly v. Robinson*, 479 U.S. 36, 51 n.13 (1986) (declining to accord any significance to statements which were not made by a member of Congress and which did not appear in the House or Senate Reports). Finally, V&S argues that Congress did not actually make a decision to omit the word "action" from the service of process provision; in fact, that word never appeared in any version of the bill. *See* S. 2679; H.R. 6248; H.R. 13486; H.R. 6683 (attached to Plaintiff's Response as Exs. E-H). Moreover, the legislative history indicates that Congress did not intend for the §1051(e) agent to receive service of process only in proceedings affecting the *registration* of the mark notwithstanding the provision's placement in the part of the trademark statute that concerns registration. Early versions of the bill contained that exact language, but as enacted, the provision covers all "proceedings affecting the mark." *See* S. 2679; H.R. 6248; H.R. 13486; H.R. 6683. And in any event, PPB would not prevail even were we to construe §1051(e) as applying only to proceedings and actions concerning registrations: this is such a proceeding, as V&S seeks an order directing PPB to abandon its trademark application. Pl. Mem., p. 11.

In sum, there is nothing in the text of §1051(e) itself or in the legislative history which suggests that "proceedings affecting the mark" are limited to proceedings before the PTO. Foreign companies seeking to benefit from the protections of the U.S. trademark laws must designate an agent to receive service of process, and this extends to civil proceedings. *See, e.g., Havana Club Holding, S.A. v. Galleon S.A.*, 974 F. Supp. 302, 311-12 (S.D.N.Y. 1997) (foreign company was "subject to service of process by service on its United States representative" designated pursuant to §1051(e). *Compare U.S. Industries, Inc. v. Maclaren*, 191 U.S.P.Q. 498,

501 (D.D.C. 1976) (considering patent law service of process provision analogous to §1051(e), and finding that foreign patent owners make themselves amenable to process in the U.S. by designating an agent for service of process pursuant to that provision). *But see Sunshine Distribution, Inc. v. Sports Authority Michigan, Inc.*, 157 F.Supp.2d 779, 787 (E.D. Mich. 2001) ("§1051 deals solely with proceedings before the Patent and Trademark Office, not with service for civil proceedings" as evidenced by its placement in the principal register). Accordingly, PPB's designated agent pursuant to §1051(e) was authorized to receive service of process on behalf of PPB for purposes of this lawsuit.

For the reasons stated above, PPB's motion to quash service [docket item 19] is denied. PPB is directed to answer the complaint on or before August 2, 2002.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: July 18, 2002