Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9923 | **DATE** | 1/5/2004 |
| **CASE TITLE** | V&S Vin & Spirit vs. Cracovia Brands, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court denies V&S's motion for summary judgment (41-1). The case is set for a status hearing on 1/14/04 at 9:30 a.m. for the purpose of setting a prompt trial date. Trial counsel are directed to appear.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 0 7 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 67 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | date mailed notice | |
| OR | courtroom deputy's initials | '04 JAN -7 PM 8:15 Date/time received in Central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| V & S VIN & SPRIT AKTIEBOLAG,<br>d/b/a THE ABSOLUT COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CRACOVIA BRANDS, INC., *et al.*,<br><br>Defendants. | Case No. 01 C 9923 |

DOCKETED
JAN 0 7 2004

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

V & S Vin & Sprit Aktiebolag ("V & S"), the Swedish company that makes Absolut vodka, sued a Polish competitor, Przedsiebiorstwo Polmos Bialystok S.A. ("PPB"), and its Chicago-area distributor, Cracovia Brands, Inc. In an eight count complaint, V & S claimed that PPB and Cracovia infringed upon its Absolut trademark by manufacturing and marketing Absolwent vodka. V & S settled with Cracovia, and this Court entered a final judgment as to the claims against Cracovia on April 26, 2002. V & S has moved for summary judgment against PPB on two counts of its complaint, alleging trademark infringement and false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a). For the reasons stated below, the Court denies V & S's motion for summary judgment.

### Analysis

As the Seventh Circuit has noted, "[t]he 'keystone' of trademark infringement is 'likelihood of confusion' as to source, affiliation, connection or sponsorship of goods or services
1



among the relevant class of customers and potential customers." *Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947, 957 (7th Cir. 1992) (citation omitted). Whether a likelihood of confusion exists among consumers is a question of fact. *CAE, Inc., v. Clean Air Engineering, Inc.*, 267 F.3d 660, 677 (7th Cir. 2001). "Courts are not empowered to make factual findings on motions for summary judgment." *Sands, Taylor & Wood*, 978 F.2d at 952. That means that for the Court to grant the plaintiff's motion for summary judgment, we must conclude that "even resolving all factual disputes in favor" of PPB, V & S is entitled to judgment as a matter of law. *Id.* In other words, V & S is entitled to summary judgment only if there is no factual dispute that consumers generally familiar with Absolut vodka would likely, upon seeing or hearing Absolwent vodka, believe that Absolwent is "in some way related to, or connected or affiliated with, or sponsored by" Absolut vodka. *See James Burrough Ltd. v. Sign of the Beefeater, Inc.*, 540 F.2d 266, 274 (7th Cir. 1976).

To prevail, it is not enough for V & S to show that "confusion is possible and may even have been desired" by PPB. *Rust Env't & Infrastructure, Inc., v. Teunissen*, 131 F.3d 1210, 1216 (7th Cir. 1997) (citation omitted). Confusion "must be likely in order to enjoin use of the trademark." *Id.* (citation omitted). To determine whether confusion is likely, the Seventh Circuit has identified seven factors for the Court to consider in its analysis: "(1) similarity between the marks in appearance and suggestion; (2) similarity of the products; (3) area and manner of concurrent use; (4) degree of care likely to be exercised by consumers; (5) strength of complainant's mark; (6) actual confusion; and, (7) intent of defendant to palm-off his product as that of another." *Id.* (citation and internal quotation marks omitted). "[N]one of the seven factors alone are dispositive, and the weight accorded to each factor will vary from case to case."

*Id.* at 1217 (citation and internal quotation marks omitted). All the factors must be analyzed "with reference to the realities of consumer behavior in the relevant market." *Dorr-Oliver, Inc. v. Fluid-Quip, Inc.*, 94 F.3d 376, 381 (7th Cir. 1996).

Three of the factors are not really in dispute and weigh in favor of V & S. Both parties make and market vodka, though there is some disagreement as to whether Absolwent is marketed as a "luxury" vodka as Absolut is. Absolut and Absolwent are purchased in the same settings and locations. And Absolut is clearly a famous mark, and, as a result, is entitled to "more legal protection than an obscure or weak mark." *Kenner Parker Toys Inc. v. Rose Art Indus., Inc.*, 963 F.2d 350, 353 (Fed. Cir. 1992).

But despite the heightened protection afforded famous marks, these three factors are not enough to find in favor of V & S. The parties dispute the price at which Absolwent is sold in the Chicago area and the degree of care potential customers are likely to exercise in choosing or ordering a vodka. Furthermore, as the Seventh Circuit has noted, "although no one factor is decisive, the similarity of the marks, the intent of the defendant, and evidence of actual confusion are the most important considerations." *Eli Lilly & Co v. Natural Answers, Inc.*, 233 F.3d 456, 462 (7th Cir. 2000) (citation omitted). PPB has raised a genuine issue as to each of these three factors.

### *(1) Similarity of the marks*

PPB commissioned a study to measure the degree of confusion when consumers see the marks side-by-side with other brands of vodka. V & S argues this study measures only a fraction of the confusion in the marketplace because vodka is bought by the glass in restaurants and bars, where the aural – rather than the visual – similarity between the two marks is the basis of

3

confusion. Vodka is purchased both by the bottle in stores and by the glass in restaurants and bars by placing verbal orders, so both the visual and aural similarity of the marks must be considered. Because the study commissioned by PPB provides a measure of actual confusion caused by the visual similarities between the two marks, the Court defers its discussion of the visual similarities of the marks to the section on actual confusion.

The parties hotly contest the level of aural similarity between Absolut and Absolwent. "Slight differences in the sound of similar trademarks will not protect the infringer." *G.D. Searle & Co. v. Chas. Pfizer & Co.*, 265 F.2d 385, 387 (7th Cir. 1959) (citation omitted). Thus the question is whether "went" is so different from "ut" that confusion is unlikely. Both parties have proferred the testimony of linguists who agree that Absolut and Absolwent share six letters and have the same prefix (which is obvious even to non-linguists) but disagree on everything else – including whether the two marks have one syllable in common or two. V & S's expert Ronald Butters has filed a declaration stating that the similarity of the marks' prefixes is more important than the differences in the suffixes; PPB's expert Alan Kaye argues the opposite. Thus the experts disagree on how similar the words actually will sound when pronounced. There is no legal rule that similarity in suffixes is more important than similarity in prefixes, or vice versa. *See G.D. Searle*, 265 F.2d at 388-89 (listing numerous cases involving marks with dissimilar prefixes and similar suffixes, and noting that in some cases the marks were found confusingly similar and in others they were not). Thus the Court is left with the conflicting judgments of the parties' expert witnesses.

V & S has attempted to discredit Kaye's expert report, pointing to admissions he offered during his deposition. *See, e.g.*, Kaye Dep. at 157, 160 (stating the two marks are "rather close").

4

But when his statements are taken in context and his entire deposition testimony is viewed in the light most favorable to PPB, as is required when evaluating V & S's motion for summary judgment, it cannot be said that the manifest weight of his testimony favors a finding of a likelihood of confusion. Furthermore, many of V & S's challenges to Kaye's testimony ask the Court to make credibility determinations, which are inappropriate on a motion for summary judgment. A genuine issue exists in this case as to the likelihood of confusion due to the aural similarities of the marks. Therefore, V & S is not entitled to summary judgment.

### *(2) Actual confusion*

The Seventh Circuit has said that "the plaintiff need not show actual confusion in order to establish *likelihood* of confusion." *Sands, Taylor & Wood*, 978 F.2d at 960 (citations omitted; emphasis in original). But evidence of actual confusion "is substantial evidence of likelihood of confusion." *Tisch Hotels, Inc. v. Americana Inn, Inc.*, 350 F.2d 609, 612 (7th Cir. 1965). "Actual confusion can be shown by either direct evidence or by survey evidence." *Rust*, 131 F.3d at 1218. V & S has offered a declaration including direct evidence of actual confusion; PPB has commissioned a survey to measure the lack of actual confusion.

V & S has submitted the declaration of Jacek Dabrowski, chief operating officer of Cracovia Brands, the Chicago-area distributor of Absolwent vodka. Dabrowski states that he has "confused the names Absolut and Absolwent because of their similarity." Dabrowski Decl. ¶ 7. V & S argues that this declaration constitutes evidence of actual confusion. PPB challenges Dabrowski's credibility, pointing out that Dabrowski signed the declaration after the Court had granted V & S's motion for an order to show cause why Cracovia should not be held in contempt for violating its settlement with V & S. The Court cannot make credibility determinations on a

motion for summary judgment. PPB has raised a genuine issue as to whether Dabrowski's statement constitutes evidence of actual confusion. Furthermore, even if Dabrowski's statement were accepted, evidence that one person confused the two products would not entitle V & S to summary judgment as a matter of law.

Both parties claim that the results of the survey commissioned by PPB favor their positions – even after V & S initially went to great lengths to discredit the methodology and value of the survey, arguing that because the study measured visual confusion and not aural confusion, it only measured a fraction of the confusion in the marketplace. According to PPB, the survey shows that eight percent of surveyed vodka drinkers were "likely to have been confused by the similarities between Absolut and Absolwent." Pl.'s Supp. Reply Ex. B ¶ 16. V & S reads the final survey results as documenting an eleven percent rate of confusion. But the consultant who conducted the survey, Robert Reitter, subtracted three percentage points from eleven percent to control for noise in the study. *Id.* Because the survey comes before us on V & S's motion for summary judgment, we must evaluate the survey results in the light most favorable to PPB and therefore accept for present purposes Reitter's conclusion that the survey found an eight percent rate of confusion between the two marks. Reitter concluded that "[t]his net level of likelihood of confusion, 8 %, is very slight." *Id.* ¶ 17.

V & S argues that an eight to eleven percent rate of confusion compels the Court to find a likelihood of confusion. But none of the cases cited by V & S goes so far as to say that an eight to eleven percent rate of confusion compels a finding for the plaintiff as a matter of law, and five of the six cases cited by V & S are inapposite because of their procedural postures. *E.g., Mutual of Omaha Ins. Co. v. Novak*, 836 F.2d 397, 400-01 (8th Cir. 1987) (declining to find that district

6

court erred in its decision after a trial on the merits to give evidence of approximately ten percent of confusion "significant weight"); *Humble Oil & Refining Co. v. American Oil Co.*, 405 F.2d 803, 817 (8th Cir. 1969) (finding that in evaluating an application to modify an injunctive decree an eleven percent rate of actual confusion "may not [be] dismiss[ed] as de minimis"); *Goya Foods, Inc. v. Condal Distribs., Inc.*, 732 F. Supp. 453, 457 (S.D.N.Y. 1990) (concluding at the end of a four-day preliminary injunction hearing that a ten percent rate of confusion was "statistically meaningful" because an expert had explained why any survey results yielding more than seven percent confusion was statistically meaningful); *Jockey Int'l v. Burkard*, 185 U.S.P.Q. 201, 205 (S.D. Cal. 1975) (finding infringement after a bench trial in part because 11.4 percent of adults will associate the defendant's product with the plaintiff's mark); and *Grotrian, Helfferich, Schulz, Th. Steinweg Nachf. v. Steinway & Sons*, 365 F. Supp. 707, 716 (S.D.N.Y. 1973), *aff'd* 523 F.2d 1331 (2d Cir. 1975) (concluding after a bench trial that survey results that twenty-three recent purchasers had some confusion of origin, 7.7 percent of 520 people canvassed perceived a business connection between the two companies and 8.5 percent confused the names was "strong evidence of the likelihood of confusion"). Only one case cited by V & S involves the weight to be given to survey results in deciding a motion for summary judgment. In *James Burrough Ltd. v. Lesher*, 309 F. Supp. 1154, 1159 (S.D. Ind. 1969), the Court relied in part on the defendants' polling evidence, which showed that 37 of 300 polled patrons (12.3 percent) thought the defendant's restaurant's name was related to Beefeater gin, to conclude on summary judgment that a likelihood of confusion existed. The Court notes that the polling data in *James Burrough* revealed a rate of confusion that was more than four percentage points higher than in this case. But more importantly, *James Burrough* – like the other cases cited by V & S – instructs only that

7

evidence of actual confusion may be significant to the Court's determination; it does not compel a particular result.

Because this case comes before us on V & S's motion for summary judgment, the Court accepts for present purposes Reitter's interpretation of the survey results, namely that the likelihood of confusion is slight. At the least, a genuine issue of fact exists as to how the survey results should be interpreted. Given the several factual disputes that exist in this case and the deference we must pay to Reitter's interpretation of the study, the Court cannot conclude as a matter of law that PPB's survey results compel a finding for V & S – especially since V & S forcefully argued that aural confusion is more important than visual confusion and the survey did not measure aural confusion, over which there is still a great deal in dispute.

### (3) Intent of the defendant

As with actual confusion, the plaintiff does not need to prove bad faith on the part of the defendant to prevail. *Lois Sportswear, U.S.A., Inc., v Levi Strauss & Co.*, 799 F.2d 867, 875 (2d Cir. 1986). "[T]he defendant's intent is relevant to the issue of likelihood of confusion only if he intended to palm off his products as those of another, thereby profiting from confusion." *Sands, Taylor & Wood*, 978 F.2d at 961 (citation and internal quotation marks omitted). "If a defendant willfully appropriates the mark of another, a court is more inclined to find likelihood of confusion." *Rust*, 131 F.3d at 1219. V & S argues that PPB intended to infringe on the Absolut trademark, pointing out that PPB previously sold vodka in a bottle that had a shape V & S felt infringed upon the Absolut trademark. PPB responds that once it received a letter from V & S accusing it of infringement, PPB changed its bottle. PPB further describes the process by which the company chose to name its new vodka Absolwent, saying that it initially chose the name

8

"Student" but then decided on "Graduate," which is "Absolwent" in Polish, because everyone is a graduate of something. PPB has raised a genuine issue as to its intent in choosing the name Absolwent.

Because PPB has raised a genuine issue of fact as to the aural and visual similarities of the two marks, the meaning of the survey it commissioned, and its intent, summary judgment is not appropriate.

### Conclusion

For the reasons stated above, the Court denies V & S's motion for summary judgment [docket # 41-1]. The case is set for a status hearing on January 14, 2004, at 9:30 a.m. for the purpose of setting a prompt trial date. Trial counsel are directed to appear.

MATTHEW F. KENNELLY
United States District Judge

Date: January 5, 2004